UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| GLORIA BROOKS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 21-CV-0024-CVE-SH |
| | ) | |
| LOUIS DEJOY, Postmaster General of the | ) | |
| United States Postal Service, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

**OPINION AND ORDER**

Before the Court are defendant Louis DeJoy's motion for summary judgment (Dkt. # 9), plaintiff Gloria Brooks's response (Dkt. # 11), and defendant's reply (Dkt. # 12). This case arises from plaintiff, a United States Postal Service (USPS) employee, alleging acts of sex-based discrimination (count 1) and retaliation (count 2) in her workplace.[1]  Dkt. # 1.  Defendant moves for summary judgment, arguing that plaintiff failed to timely exhaust her administrative remedies. Dkt. # 9, at 1. As to the sex-based discrimination claim (count 1), plaintiff concedes that she failed to

---

[1]  The Court notes that plaintiff appears to conflate her retaliation claim with a hostile work environment theory of sex-based discrimination. See, e.g., Dkt. # 1, at 5; Dkt. # 11, at 13-14. However, in her formal EEO complaint, plaintiff raised sex-based discrimination based on allegations of sexual assault by her co-worker in the period between December 11, 2019 and February 22, 2020, and a retaliation claim based on her participation in the USPS human resources and Tulsa Police Department investigations into allegations of sexual assault by her co-worker. Dkt. # 9-7, at 1-4. The retaliation and hostile work environment theories of sex-based discrimination are distinct. Specifically, the elements plaintiff must show to make out a prima facie retaliation claim are 1) plaintiff engaged in protected opposition to discrimination; 2) her employer took an adverse employment action against her; and 3) there is a causal connection between the opposition and the adverse action. Stover v. Martinez, 382 F.3d 1064, 1071 (10th Cir. 2004). Therefore, plaintiff's arguments related to a hostile work environment theory are inapposite to a retaliation claim.

initiate a complaint with an Equal Employment Opportunity (EEO) counselor within 45 days of the alleged discriminatory incident, as required by 29 C.F.R. § 1614.105(a)(1). Dkt. # 11, at 8. However, plaintiff argues that her failure to comply should be equitably tolled because she "believed she made her initial [c]omplaint of discrimination with the USPS on February 24, 2020[,]" when she was interviewed by USPS Labor Relations Specialist, Tia Bagby, just two days after the most recent alleged incident had occurred. Id. at 9. Further, plaintiff disputes defendant's claim that she never brought up her retaliation claim during the counseling process, which was USPS's stated reason for dismissing the retaliation claim portion of plaintiff's formal EEO complaint. Id. at 4-5. Consequently, plaintiff requests, pursuant to Fed. R. Civ. P. 56(d), the opportunity to conduct discovery, "stating she cannot present facts essential to justify her opposition without the benefit of discovery[.]" Id. at 12.

## I.

The following facts are undisputed: plaintiff is a USPS employee in Tulsa, Oklahoma. Dkt. # 9, at 2; Dkt. # 11, at 2. Plaintiff alleges she was initially assigned to the Utica Square post office, occasionally filling in at the Donaldson post office, and she was transferred to the Tulsa Postal Office Plant in April 2020. Dkt. # 9, at 2-3; Dkt. # 11, at 2. While plaintiff was employed at the Donaldson post office, the "Tulsa-Donaldson Station displayed EEO posters visibly on the walls. These posters notify employees that they are required to contact an EEO counselor . . . within 45 days of allegedly discriminatory conduct or the effective date of an allegedly discriminatory personnel action." Dkt. # 9, at 3-4; Dkt. # 11, at 2-3.

Plaintiff alleges that between December 11, 2019 and February 20, 2020, she was sexually assaulted by her male co-worker, Steven Wendell Johnson. Dkt. # 9, at 3; Dkt. # 11, at 2. Plaintiff's

female co-worker was also sexually assaulted by Johnson, and, in response to the co-worker's allegations, USPS human resources manager, Carolyn Mathis-Ray, requested an investigation at the Tulsa-Donaldson station. Dkt. # 9, at 3; Dkt. # 11, at 2. Some time between February 24 and February 27, 2020, plaintiff was interviewed by USPS labor relations specialist, Tia Bagby, as part of the human resources investigation into plaintiff's co-worker's allegations. Dkt. # 9, at 3; Dkt. # 11, at 2. Plaintiff alleges that during this interview, she disclosed to Bagby that she was also a victim of Johnson's sexual assaults, and that plaintiff "believed that USPS was fully informed of [her] EEO [c]omplaint." Dkt. #9, at 5-6; Dkt. # 11-1, at 1-2. Johnson was placed on administrative leave on February 29, 2020, and then on leave without pay on June 16, 2020. Dkt. # 9, at 3; Dkt. # 11, at 2.

Plaintiff filed an initial EEO complaint on June 24, 2020, which USPS received on June 29, 2020. Dkt. # 9, at 4; Dkt. # 11, at 3. In her initial complaint, plaintiff alleged acts of discrimination that took place from December 11, 2019 to February 22, 2020; that Johnson assaulted plaintiff multiple times; and that the most recent incident took place on February 20, 2020. Dkt. # 9, at 4; Dkt. # 11, at 3. Plaintiff did not include any allegations relating to retaliation in her initial EEO complaint. Dkt. # 9, at 4; Dkt. # 11, at 3. Plaintiff was interviewed regarding her EEO complaint on June 30, 2020. Dkt. # 9, at 4; Dkt. # 11, at 3. Plaintiff alleged sex-based discrimination during the EEO counseling process. Dkt. # 9, at 4; Dkt. # 11, at 3. Further, plaintiff participated in mediation as to her EEO complaint on August 13, 2020, but plaintiff and USPS did not reach a resolution. Dkt. # 9, at 4; Dkt. # 11, at 3. On September 21, 2020, plaintiff received a letter notifying her that there was no resolution to her counseling request, and she had the right to file a formal complaint within 15 days from date of receipt of the letter. Dkt. # 9, at 4; Dkt. # 11, at 3.

On October 2, 2020, plaintiff filed a formal EEO complaint with USPS alleging sex-based discrimination and retaliation. Dkt. # 11, at 4; Dkt. # 9-7, at 1. Plaintiff, consistent with her initial EEO complaint, alleged that the discriminatory incidents took place between December 11, 2019 to February 22, 2020, with the most recent assault by Johnson taking place on February 20, 2020. Dkt. # 11, at 4; Dkt. # 9, at 5. However, plaintiff also raised allegations of retaliation in her formal EEO complaint, which plaintiff did not include in her initial EEO complaint. Dkt. # 9, at 5; Dkt. # 11, at 4. Specifically, plaintiff alleged ongoing retaliation for her participation in the human resources and Tulsa Police Department (TPD) investigations by being denied overtime work assignments. Dkt. # 9-7, at 3-4. On October 22, 2020, USPS dismissed plaintiff's formal EEO complaint pursuant to 29 C.F.R. § 1614.107(a)(2). Dkt. # 9-8, at 4; Dkt. # 11, at 5. As to the sex-based discrimination claim, USPS found that plaintiff did not contact an EEO counselor until June 24, 2020, well after the 45-day time limit to report discriminatory incidents. Dkt. # 9-8, at 2; Dkt. # 11, at 5. Further, USPS found that plaintiff was "aware of the time limits for filing as [plaintiff] filed a timely complaint for [a previous case,] which is currently closed." Dkt. # 9-8, at 2; Dkt. # 9, at 13. As to the retaliation claim, USPS found that plaintiff did not bring the claim to the attention of the EEO counselor, nor does the claim "add to or clarify the original complaint." Dkt. # 9-8, at 4; Dkt. # 11, at 5. Plaintiff was notified of her right to appeal or file a civil action, and she filed the complaint in the instant case on January 20, 2021. Dkt. # 9-8, at 4-5; Dkt. # 11, at 5.

## II.

Summary judgment pursuant to Fed. R. Civ. P. 56 is appropriate where there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S.

242, 250 (1986); Kendall v. Watkins, 998 F.2d 848, 850 (10th Cir. 1993). "[A] party may file a motion for summary judgment at any time until 30 days after the close of all discovery[,]" Fed. R. Civ. P. 56(b), including before any discovery has been conducted. "Movants for summary judgment bear the initial burden of demonstrating the absence of a genuine issue of material fact and entitlement to judgment as a matter of law." Silverstein v. Federal Bureau of Prisons, 559 F. App'x. 739, 752 (10th Cir. 2014); see also Adler v. Wal–Mart Stores, Inc., 144 F.3d 664, 670-71 (10th Cir. 1998). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986) (citations omitted). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the [trier of fact] could reasonably find for the plaintiff." Anderson, 477 U.S. at 252. In essence, the inquiry for the Court is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Id. at 250. In its review, the Court construes the record in the light most favorable to the party opposing summary judgment. Garratt v. Walker, 164 F.3d 1249, 1251 (10th Cir. 1998).

If the nonmovant, pursuant to Fed. R. Civ. P. 56(d), "shows by affidavit or declaration that . . . it cannot present facts essential to justify its opposition, the court may: (1) defer considering the [summary judgment] motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." Fed. R. Civ. P. 56(d). "A party may not invoke Rule 56[d] 'by simply stating that discovery is incomplete but must state with specificity how the additional material will rebut the summary judgment motion.'" Garcia v. U.S. Air Force, 533 F.3d 1170, 1179 (10th Cir. 2008) (quoting Libertarian Party of N.M. v. Herrera, 506 F.3d 1303, 1308

(10th Cir. 2007)). The party seeking discovery under Rule 56(d) "must present an affidavit that identifies the probable facts not available and what steps have been taken to obtain these facts. The [party] must also explain how additional [discovery] will enable [her] to rebut the movant's allegations of no genuine issue of material fact." Ellis v. J.R.'s Country Stores, Inc., 779 F.3d 1184, 1206 (10th Cir. 2015) (internal quotations omitted and alterations in original). "Rule 56(d) motions [should] be robust, and . . . [an] affidavit's lack of specificity counsels against" granting the Rule 56(d) motion. Id. (internal quotations omitted).

### III.

Defendant moves for summary judgment on the following claims:

*a.     Sex-Based Discrimination Claim*

Defendant argues that it has demonstrated that "there is no genuine dispute that [p]laintiff failed to make EEO contact–with an EEO counselor or anyone associated with the EEO process–within 45 days of the date of the alleged discriminatory act." Dkt. # 12, at 1 (citing 29 C.F.R. § 1614.105(a)(1)). Plaintiff concedes that she did not initiate contact with an EEO counselor within 45 days of the alleged discriminatory incident. Dkt. # 11, at 8. However, plaintiff argues that there is a genuine dispute as to whether she failed to timely exhaust her administrative remedies because she believed that her February 2020 interview with Bagby initiated her EEO complaint. Id. at 8-9. Additionally, plaintiff argues that because she mistakenly believed that she had initiated her EEO complaint with Bagby in her February 2020 interview, "her failure to comply with the 45-day requirement . . . should be equitably tolled." Id. at 9.

"Federal employees alleging discrimination or retaliation prohibited by Title VII or the Rehabilitation Act must comply with specific administrative complaint procedures in order to

6

exhaust their administrative remedies." Hickey v. Brennan, 969 F.3d 1113, 1118 (10th Cir. 2020) (internal quotations omitted). These administrative complaint procedures "are set forth in Part 1614 of Chapter 29 of the Code of Federal Regulations." Id. "Before a federal civil servant can sue [her] employer for violating Title VII, [s]he must, among other things, initiate contact with an Equal Employment Opportunity counselor at [her] agency within 45 days of the date of the matter alleged to be discriminatory." Green v. Brennan, 578 U.S. 547, 549 (2016) (internal quotations omitted). Moreover, the Tenth Circuit has found that a post office displaying EEO posters on the walls "may suffice to establish constructive notice of EEO time limits, even where an employee maintains that she did not actually notice the posters[.]" Hickey, 969 F.3d at 1123.

29 C.F.R. § 1614.105(a) provides, in pertinent part, "[a]ggrieved persons who believe they have been discriminated against on the basis of . . . sex . . . must consult [an EEO] Counselor prior to filing a complaint in order to try to informally resolve the matter." 29 C.F.R. § 1614.105(a). Further, "[a]n aggrieved person must initiate contact with a Counselor within 45 days of the date of the matter alleged to be discriminatory or, in the case of personnel action, within 45 days of the effected date of the action." 29 C.F.R. § 1614.105(a)(1). In certain limited circumstances,

> [t]he agency or the [EEOC] Commission shall extend the 45-day time limit . . . when the individual shows that he or she was not notified of the time limits and was not otherwise aware of them . . . that despite due diligence he or she was prevented by circumstances beyond his or her control from contacting the counselor within the time limits, or for other reasons considered sufficient by the agency or the Commission.

29 C.F.R. § 1614.105(a)(2). Otherwise, pursuant to 29 C.F.R. § 1614.107(a), "The agency shall dismiss an entire complaint" that 1) fails to comply with the 45-day time limit contained in § 1614.105, "unless the agency [equitably tolls] the time limits"; or 2) "raises a matter that has not

7

been brought to the attention of a Counselor and is not like or related to a matter that has been brought to the attention of a Counselor[.]" 29 C.F.R. §§ 1614.107(a)(2), 1614.604(c).

The undisputed facts establish that plaintiff's initial EEO complaint alleging sex-based discrimination was dated June 24, 2020. This was more than four months after the last alleged incident of sexual assault, which took place on February 20, 2020. Further, the undisputed facts establish that plaintiff's workplace displayed an EEO poster notifying employees that they must contact an EEO counselor within 45 days of the alleged discriminatory incident. And, it is undisputed that plaintiff had previously timely filed an EEO complaint. Thus, the undisputed facts establish that plaintiff did not timely file her initial sex-based discrimination complaint with an EEO counselor, and plaintiff did not show that 1) she was not notified or was otherwise not aware of the 45-day time limit; or 2) despite due diligence, plaintiff's failure to timely file was due to circumstances beyond her control. Therefore, the agency was required to dismiss plaintiff's complaint because she did not comply with the requirements of 29 C.F.R. § 1614.105(a).

As to plaintiff's argument that the 45-day time limit should be equitably tolled, the Tenth Circuit has "generally recognized equitable tolling of Title VII time limitations only if the circumstances of the case rise to the level of active deception which might invoke the powers of equity to toll the limitations period"; "[f]or instance, equitable tolling may be appropriate where a plaintiff has been lulled into inaction by her past employer, state or federal agencies, or the courts . . . [or] plaintiff is actively misled, or has in some extraordinary way been prevented from asserting his or her rights[.]" Biester v. Midwest Health Servs., Inc., 77 F.3d 1264, 1267 (10th Cir. 1996) (internal quotations and citations omitted). Here, the undisputed facts show that none of these circumstances exists. While plaintiff alleges that she was under the impression she initiated her EEO

complaint with Bagby, plaintiff does not dispute that Bagby is a Labor Relations Specialist, not an EEO counselor. Plaintiff also does not dispute that her workplace displayed posters informing employees that they must contact an EEO counselor with allegations of discrimination. Moreover, plaintiff does not dispute that she has correctly followed the administrative complaint procedure in the past. Finally, plaintiff makes no allegations that USPS actively misled, deceived, or otherwise lulled her into inaction. Therefore, equitable tolling is not justified under these circumstances, and plaintiff's complaint remains subject to the 45-day time limit. In sum, the Court finds that defendant's motion for summary judgment as to the sex-based discrimination claim (count 1) should be granted.

      *b.*    *Retaliation Claim*

Defendant argues that plaintiff's "claim that the denial of overtime constituted unlawful retaliation . . . was never brought before an EEO counselor and should be dismissed for failure to exhaust her administrative remedies." Dkt. # 9, at 11. Additionally, defendant attaches plaintiff's EEO counselor's affidavit, in which the counselor states that plaintiff "did not allege retaliation . . . [and] did not allege she was denied overtime . . . at any time during the counseling process." Dkt. # 9-5, at 2. Plaintiff disputes this claim, and states that she informed the EEO counselor of her retaliation claim during her August 13, 2020 mediation session, which was before she filed her formal EEO complaint on October 2, 2020. Dkt. # 11, at 3, 4; Dkt. # 11-1, at 1 (stating in her affidavit that plaintiff "repeatedly advised the [EEO counselor and USPS management representatives] that [she] was retaliated against by supervisors and managers when [her] overtime was denied").

29 C.F.R. § 1614.107(a) requires an agency to dismiss a complaint that "raises a matter that has not been brought to the attention of a [c]ounselor and is not like or related to a matter that has been brought to the attention of a Counselor[.]" 29 C.F.R. §§ 1614.107(a)(2). USPS justified the dismissal of plaintiff's retaliation claim on the ground that plaintiff never brought her retaliation claim to the attention of the EEO counselor before filing her formal complaint. Moreover, plaintiff alleges in her formal EEO complaint that the retaliation, including the denial of overtime work assignments, was ongoing at the time that she filed her complaint. Dkt. # 9-7, at 4. Thus, the central issue is not whether plaintiff timely filed an EEO complaint, but whether plaintiff brought the retaliation claim to the attention of her EEO counselor before filing her formal EEO complaint. The Court finds that there is a material factual dispute as to whether plaintiff informed her EEO counselor of her retaliation claim during the counseling process. Therefore, summary judgment as to plaintiff's retaliation claim (count 2) would not be appropriate at this stage. Consequently, the Court finds that, pursuant to Rule 56(d), plaintiff should be allowed to conduct limited discovery on the issue of whether plaintiff made her EEO counselor aware of her retaliation claim; specifically, that plaintiff made the EEO counselor aware that she was denied overtime work assignments in retaliation for her participation in the investigations related to co-worker's sexual assault allegations. This limited discovery should be completed in a few months, and the Court sets a February 28, 2022 discovery deadline.

**IT IS THEREFORE ORDERED** that defendant's motion for summary judgment (Dkt. # 9) is **granted in part** as to plaintiff's sex-based discrimination claim (count 1) for failing to timely exhaust administrative remedies; and **denied in part** as to plaintiff's retaliation claim (count 2) because a material factual dispute between the parties necessitates limited discovery.

**IT IS FURTHER ORDERED** that plaintiff is permitted to conduct limited discovery on the issue of whether plaintiff brought her retaliation claim to the attention of her EEO counselor during the counseling process and before plaintiff filed her formal EEO complaint. **The discovery deadline is set for February 28, 2022, a full scheduling order will be entered, and defendant shall file an answer to the remaining claim forthwith.**

**DATED** this 23rd day of December, 2021.

*/s/ Claire V. Eagan*
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE