IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| GLORIA BROOKS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) )   Case No. 21-cv-00024-CVE-SH |
| LOUIS DEJOY, Postmaster General of the United States Postal Service, | ) ) ) ) |
| Defendant. | ) |

## OPINION AND ORDER

Before the Court is Plaintiff's motion to compel Defendant to produce a copy of a report prepared following an investigation into a co-worker's allegation of sexual assault. While the report was originally raised in the context of Plaintiff's now-dismissed first claim of unlawful sex-based discrimination, she asserts it still has some relevance to her only remaining claim of retaliation. Defendant disagrees, noting that the Court has previously limited discovery to a single issue—Plaintiff's exhaustion of administrative remedies. The undersigned finds the requested report does not fall within the limited scope of discovery allowed by the prior order and that Plaintiff has failed to demonstrate any relevance of the report to her remaining claim.

**Background**

Plaintiff Gloria Brooks brought this action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*. Brooks initially asserted two claims—(1) unlawful discrimination relating to sexual assaults committed by Steven Johnson between December 11, 2019, and February 20, 2020; and (2) unlawful retaliation following her cooperation in the investigation of the sexual assaults committed by Johnson against another female co-worker. (ECF No. 1.) On June 25, 2021, Defendant United States

Postal Service ("USPS") filed a motion for summary judgment, asserting Brooks had failed to exhaust her administrative remedies. (ECF No. 9.) District Judge Claire V. Eagan then found good cause for delay in entering a scheduling order and stated that, if necessary, such an order would be entered after ruling on the pending motion for summary judgment. (ECF No. 10.)

In opposing Defendant's motion for summary judgment, Brooks disputed USPS's version of the facts and asserted that she needed additional discovery. (ECF No. 11 at 12.) As it related to her first claim, Brooks asserted she had advised Tia Bagby of Johnson's actions in an interview that occurred in February, 2020, when Bagby was investigating Johnson's alleged assault of a co-worker. (ECF No. 11-1 ¶¶ 3, 7-10.) Brooks, therefore, stated she would be "specifically seeking all investigative reports, interviews, recordings, statements, etc. assembled by Bagby and TPD as part of [the co-worker's] claims of sexual assault." (ECF No. 11 at 12.) As for her second claim, Brooks asserted she was subjected to ongoing harassment after she cooperated with the investigation into Johnson and that this constituted a single unlawful employment practice. (*Id*. at 14.) Brooks also disputed USPS's assertion that she never alleged retaliation or hostile work environment at any time during the counseling process. (*Id*. at 3 ¶ 19.) Instead, Brooks declared that she had repeatedly advised USPS of the alleged retaliation during her "mediation session . . . on August 13, 2020." (ECF No. 11-1 ¶ 2.)

Judge Eagan ruled on USPS's motion for summary judgment on December 23, 2021. (ECF No. 18.) As for Brooks' sex-based discrimination claim, Judge Eagan granted summary judgment to USPS (*id*. at 6-9), and that first cause of action is no longer an active part of this litigation. Consequently, the issue of what Brooks may have told Bagby in February 2020 and whether such a report would have tolled the statute of limitations

2

is no longer an issue in this case.  (*Id.* at 8-9 (rejecting argument that Plaintiff could have initiated a complaint with Bagby, who is not an EEO counselor).)  As for Brooks' retaliation claim, however, Judge Eagan denied summary judgment, finding "a material factual dispute as to whether plaintiff informed her EEO counselor of her retaliation claim during the counseling process." (*Id.* at 10.)  Judge Eagan further found that Plaintiff Brooks should be allowed to conduct "limited discovery" on this issue, which should be "completed in a few months," or by February 28, 2022. (*Id.*)  In closing her ruling, Judge Eagan ordered that

> plaintiff is permitted to conduct <u>limited discovery</u> on the issue of whether plaintiff brought her retaliation claim to the attention of her EEO counselor during the counseling process and before plaintiff filed her formal EEO complaint.

(*Id.* at 11 (emphasis added).)  The Court then entered an initial Scheduling Order, setting the discovery cutoff at February 28, 2022, and trial for June 21, 2022.  (ECF No. 19.)

Following this ruling, Plaintiff's counsel issued the discovery request disputed in the current motion—asking USPS to produce a copy of an investigation report called the "Initial Management Inquiry Process" completed by Tia Bagby and/or Caroline Mathis-Ray following the investigation into allegations of sexual assault against Johnson in 2020.  (ECF No. 46 at 1.)  USPS objected to the request, asserting the information sought was not relevant to the limited issue on which Judge Eagan allowed discovery.  (*Id.* at 2.)  Plaintiff Brooks now moves the Court to compel USPS to provide the requested discovery.

## Analysis

### I.  Applicable Standard

Under Rule 37, a party seeking discovery may move for an order compelling production if a party fails to produce a document as requested under Rule 34.  Fed. R. Civ.

3

P. 37(a)(3)(B)(iv). Generally, a party may obtain discovery of any nonprivileged matter that is relevant to any party's claim or defense and is proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1). However, courts have considerable discretion to tailor discovery to the circumstances of the case at hand and to adjust the timing of discovery. *Witt v. GC Servs. Ltd. P'ship*, 307 F.R.D. 554, 559 (D. Colo. 2014); *see also Crawford-El v. Britton*, 523 U.S. 574, 599 (1998) ("the court may also set the timing and sequence of discovery"). "The trial judge can therefore manage the discovery process to facilitate prompt and efficient resolution of the lawsuit," including on issues that are potentially dispositive and are more amenable to summary judgment. *Crawford-El*, 523 U.S. at 599.

## II.   Plaintiff's Request Does Not Fall Within the Bounds of the Limited Discovery Allowed by Judge Eagan

The parties do not come to this discovery dispute with a blank slate. Rather, Judge Eagan has already entered an order managing the discovery process and limiting its scope. That is, the Court considered a motion for summary judgment on a single, dispositive issue—whether Plaintiff Brooks exhausted her administrative remedies. After reviewing the parties' briefing and factual submissions, Judge Eagan found "the central issue is . . . whether plaintiff brought the retaliation claim to the attention of her EEO counselor before filing her formal EEO complaint." (ECF No. 18 at 10.) On this issue, the Court found a material factual dispute and determined that "plaintiff should be allowed to conduct limited discovery on the issue of whether plaintiff made her EEO counselor aware of her retaliation claim; specifically that plaintiff made the EEO counselor aware that she was denied overtime work assignments in retaliation for her participation in the investigations related to [her] co-worker's sexual assault allegations." (*Id.*) The Court

4

then denied summary judgment on the retaliation claim and ordered that Brooks be permitted to conduct "limited discovery" on this singular issue. (*Id.* at 10-11.)

The discovery sought by this motion, however, does not fall within the scope of that "limited discovery." As noted above, there are two relevant time periods related to the exhaustion of administrative remedies and Plaintiff's original two claims. First, there is the initial investigation conducted by USPS into the co-worker's claims, and that included Brooks' interview in February 2020 with Bagby. As noted above, Judge Eagan has already found it undisputed that Bagby is not an EEO counselor. (ECF No. 18 at 8-9.) Moreover, it was only after this interview that Plaintiff alleges the retaliation began. (ECF No. 11-1 ¶ 11 ("After I met with Bagby, my supervisors began harassing me, presumably because I had agreed to interview with Bagby and the Tulsa Police Department detective.")) As it pertains to the exhaustion issue, therefore, this interview could relate only to Plaintiff's first claim, which is no longer a part of this case.

Second is the period of time following Plaintiff Brooks' initial EEO complaint on the harassment charge in June 2020. (ECF No. 11-1 ¶ 19.) It was after this complaint, on August 13, 2020, that Plaintiff engaged in the mediation session cited in Judge Eagan's opinion. (ECF No. 11-1 ¶ 2; ECF No. 18 at 9.) This is the "central issue" on which Judge Eagan ordered limited discovery.

It is undisputed that the Bagby report is pre-retaliation, cannot qualify as a report to an EEO counselor, and is not part of the post-retaliation mediation efforts. The requested document, therefore, does not fall within the scope of limited discovery ordered by Judge Eagan.

5

### III. Plaintiff Has Not Articulated a Basis to Find the Discovery Otherwise Relevant to Her Retaliation Claim or USPS's Defenses

Even if discovery were not limited by a prior order, Plaintiff has failed to demonstrate that she is entitled to the requested report in relation to her retaliation claims. Plaintiff spends only one line of her motion attempting to explain the relevance of the requested document: "It is entirely possible that the conclusions and findings in this IMIP report will produce evidence to establish that efforts on the part of Plaintiff to timely exhaust her administrative remedies would have been futile." (ECF No. 46 at 4.) Plaintiff provides no legal authorities for applying a futility exception in the context of her Title VII retaliation claim. *See Hyman v. N.M. State Univ.*, No. CIV 18-1103 JB\K, 2020 WL 1514801, at *26 (D.N.M. Mar. 30, 2020) (noting a reluctance to "extend the futility exception in the Title VII context beyond the failure-to-hire and failure-to-promote circumstances"). More importantly, Plaintiff offers no argument as to how an investigatory report into another's claim, which she had not seen, could tend to make facts pertinent to a futility claim any more or less likely. Even when raised in the job-hiring or -promotion context, the futility doctrine applies "where the employer has a 'consistently enforced discriminatory policy' that will deter applicants who are aware of the policy from applying because they know they face 'certain rejection.'" *Daniels v. United Parcel Serv., Inc.*, 701 F.3d 620, 629 (10th Cir. 2012) (quoting *Int'l Bhd. of Teamsters v. United States*, 431 U.S. 324, 365 (1977)). This means a failure-to-hire plaintiff must show she would have applied but for accurate knowledge of an employer's discrimination and that she would have been discriminatorily rejected had she applied. *Id.* Plaintiff offers no factual arguments even remotely analogous to this standard. Based on the arguments made, the undersigned does not find the Bagby report relevant to any pending claim or defense.

IT IS THEREFORE ORDERED that Plaintiff's Amended Motion to Compel Production of Discovery Document (ECF No. 46) is DENIED.

ORDERED this 26th day of May, 2022.

                                              **SUSAN E. HUNTSMAN, MAGISTRATE JUDGE**
                                              **UNITED STATES DISTRICT COURT**