UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| GLORIA BROOKS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 21-CV-0024-CVE-SH |
| | ) |
| LOUIS DEJOY, Postmaster General of the | ) |
| United States Postal Service, | ) |
| | ) |
| Defendant. | ) |

## OPINION AND ORDER

Before the Court are defendant Louis DeJoy's renewed motion for summary judgment (Dkt. # 34), plaintiff Gloria Brooks's response (Dkt. # 48), and defendant's reply (Dkt. # 50). This case arises from plaintiff, a United States Postal Service (USPS) employee, alleging acts of sex-based discrimination (count 1) and retaliation (count 2) in her workplace.[1] Dkt. # 1. The Court previously granted in part defendant's earlier motion for summary judgment (Dkt. # 9) as to the sex-based discrimination claim. Dkt. # 18, at 10. The Court ordered limited discovery as to the remaining retaliation claim, specifically on the issue of whether plaintiff brought her retaliation claim to the

---

[1] The Court notes that plaintiff appears to conflate her retaliation claim with a hostile work environment theory of sex-based discrimination. See, e.g., Dkt. # 1, at 5; Dkt. # 11, at 13-14. However, in her formal EEO complaint, plaintiff raised sex-based discrimination based on allegations of sexual assault by her co-worker in the period between December 11, 2019 and February 22, 2020, and a retaliation claim based on her participation in the USPS human resources and Tulsa Police Department investigations into allegations of sexual assault by her co-worker. Dkt. # 9-7, at 1-4. The retaliation and hostile work environment theories of sex-based discrimination are distinct. Specifically, the elements plaintiff must show to make out a prima facie retaliation claim are 1) plaintiff engaged in protected opposition to discrimination; 2) her employer took an adverse employment action against her; and 3) there is a causal connection between the opposition and the adverse action. Stover v. Martinez, 382 F.3d 1064, 1071 (10th Cir. 2004). Therefore, plaintiff's arguments related to a hostile work environment theory are inapposite to a retaliation claim.

attention of her EEO counselor during the counseling process and before plaintiff filed her formal EEO complaint. Dkt. # 18, at 11. Defendant renews his motion for summary judgment on plaintiff's retaliation claim, arguing that plaintiff failed to timely exhaust her administrative remedies. Dkt. # 34, at 1. Plaintiff responds that she raised the retaliation allegations during her mediation session on August, 13, 2020. Dkt. # 48, at 4.

## I.

The Court will not repeat all of the facts already set forth in its earlier opinion and order (Dkt. # 18). The following facts are undisputed with regard to the retaliation claim: plaintiff is an USPS employee in Tulsa, Oklahoma. Dkt. # 34, at 1; Dkt. # 48, at 1. Plaintiff alleges she was initially assigned to the Utica Square post office, occasionally filling in at the Donaldson post office, and was transferred to the Tulsa Postal Office Plant in April 2020. Dkt. # 34, at 1; Dkt. # 48, at 1. While plaintiff was employed at the Donaldson post office, the "Tulsa-Donaldson Station displayed EEO posters visibly on the walls. These posters notify employees that they are required to contact an EEO counselor . . . within 45 days of allegedly discriminatory conduct or the effective date of an allegedly discriminatory personnel action." Dkt. # 34, at 2; Dkt. # 48, at 2.

Plaintiff was interviewed for the USPS investigation of her coworker's allegations concerning Steven Wendell Johnson on or about February 27, 2020. Dkt. #34, at 1; Dkt. # 48, at 2. Plaintiff alleges that following her participation in the USPS investigation, her "supervisors stopped talking to [her], and then within a couple of weeks, they stopped assigning overtime work to [her], despite the fact that [she] was on the overtime desired list." Dkt. # 34, at 2; Dkt. # 48, at 2. Plaintiff further alleges she filed a grievance with the American Postal Workers Union on March 29, 2020,

"based on the denial of [her] overtime from March 11, 2020 until March 25, 2020" which was denied. Dkt. # 34, at 2; Dkt. # 48, at 2.

Plaintiff produced pay stubs for pay period 6 through pay period 10 as evidence supporting the retaliation claim. Dkt. # 34, at 2; Dkt. # 48, at 2. These pay stubs cover the dates of February 29, 2020, through May 8, 2020. Dkt. # 34, at 2; Dkt. # 48, at 2. Only pay periods 7 and 8, covering the dates of March 14, 2020, through April 10, 2020, do not include overtime hours. Dkt. #34, at 3; Dkt. # 48, at 3. Plaintiff's response does not include facts or evidence of any retaliation outside of the time period covered by the pay stubs.

Plaintiff filed an initial EEO complaint alleging sex discrimination on June 24, 2020, which USPS received on June 29, 2020. Dkt. # 34, at 3; Dkt. # 48, at 3. Plaintiff did not include any allegations of retaliation in the initial EEO complaint. Dkt. # 34, at 3; Dkt. # 48, at 3. An interview regarding plaintiff's initial EEO complaint was held on June 30, 2020. Dkt. # 34, at 3; Dkt. # 48, at 3. Plaintiff participated in mediation as to her EEO complaint on August 13, 2020, but plaintiff and USPS did not reach a resolution. Dkt. # 34, at 3; Dkt. # 48, at 3. On September 21, 2020, plaintiff received a letter notifying her that there was no resolution to her counseling request, and she had the right to file a formal complaint within 15 days from date of receipt of the letter. Dkt. # 34, at 4; Dkt. # 48, at 3.

On October 2, 2020, plaintiff filed a formal EEO complaint with USPS alleging sex-based discrimination and retaliation. Dkt. # 34, at 4; Dkt. # 48, at 3-4. Plaintiff's allegations of retaliation in her formal EEO complaint were not included in her initial EEO complaint. Dkt. # 34, at 4; Dkt. # 48, at 4. On October 22, 2020, USPS dismissed plaintiff's formal EEO complaint pursuant to 29 C.F.R. § 1614.107(a)(2). Dkt. # 34-11, at 4; Dkt. # 48, at 4. As to the retaliation claim, USPS found

that plaintiff did not bring the claim to the attention of the EEO counselor, nor does the claim "add to or clarify the original complaint." Dkt. # 34-11, at 4; Dkt. # 48, at 4. Plaintiff was notified of her right to appeal or file a civil action, and she filed the complaint in the instant case on January 20, 2021. Dkt. # 34-11, at 4-5; Dkt. # 34, at 5; Dkt. # 48, at 4.

## II.

Summary judgment pursuant to Fed. R. Civ. P. 56 is appropriate where there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986); Kendall v. Watkins, 998 F.2d 848, 850 (10th Cir. 1993). "[A] party may file a motion for summary judgment at any time until 30 days after the close of all discovery[,]" Fed. R. Civ. P. 56(b), including before any discovery has been conducted. "Movants for summary judgment bear the initial burden of demonstrating the absence of a genuine issue of material fact and entitlement to judgment as a matter of law." Silverstein v. Federal Bureau of Prisons, 559 F. App'x. 739, 752 (10th Cir. 2014); see also Adler v. Wal–Mart Stores, Inc., 144 F.3d 664, 670-71 (10th Cir. 1998). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986) (citations omitted). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the [trier of fact] could reasonably find for the plaintiff." Anderson, 477 U.S. at 252. In essence, the inquiry for the Court is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law."

Id. at 250. In its review, the Court construes the record in the light most favorable to the party opposing summary judgment. Garratt v. Walker, 164 F.3d 1249, 1251 (10th Cir. 1998).

If the nonmovant, pursuant to Fed. R. Civ. P. 56(d), "shows by affidavit or declaration that . . . it cannot present facts essential to justify its opposition, the court may: (1) defer considering the [summary judgment] motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." Fed. R. Civ. P. 56(d). "A party may not invoke Rule 56[d] 'by simply stating that discovery is incomplete but must state with specificity how the additional material will rebut the summary judgment motion.'" Garcia v. U.S. Air Force, 533 F.3d 1170, 1179 (10th Cir. 2008) (quoting Libertarian Party of N.M. v. Herrera, 506 F.3d 1303, 1308 (10th Cir. 2007)). The party seeking discovery under Rule 56(d) "must present an affidavit that identifies the probable facts not available and what steps have been taken to obtain these facts. The [party] must also explain how additional [discovery] will enable [her] to rebut the movant's allegations of no genuine issue of material fact." Ellis v. J.R.'s Country Stores, Inc., 779 F.3d 1184, 1206 (10th Cir. 2015) (internal quotations omitted and alterations in original). "Rule 56(d) motions [should] be robust, and . . . [an] affidavit's lack of specificity counsels against" granting the Rule 56(d) motion. Id. (internal quotations omitted).

### III.

Defendant moves for summary judgment on the retaliation claim, Dkt. # 34, at 1, arguing that plaintiff "failed to exhaust her administrative remedies as to her retaliation claim because she did not contact an EEO counselor within 45 days of the alleged discriminatory act as required by 29 C.F.R. § 1614.105(a)(1)." Dkt. # 34 at 6. In addition, defendant attaches plaintiff's EEO counselor's affidavit, in which the counselor states that plaintiff "did not allege retaliation . . . [and] did not

5

allege she was denied overtime . . . at any time during the counseling process." Dkt. # 34-6, at 2. Plaintiff responds that she informed the EEO counselor of her retaliation claim during her August 13, 2020 mediation session, prior to the filing of her formal EEO complaint on October 2, 2020. Dkt. # 48, at 4, 5; Dkt. # 48-1, at 1 (stating in her affidavit that plaintiff "repeatedly advised the [EEO counselor and USPS management representatives] that [she] was retaliated against by supervisors and managers when [her] overtime was denied").

29 C.F.R. § 1614.105(a) provides, in pertinent part, "[a]ggrieved persons who believe they have been discriminated against on the basis of . . . sex . . . must consult [an EEO] Counselor prior to filing a complaint in order to try to informally resolve the matter." 29 C.F.R. § 1614.105(a). Further, "[a]n aggrieved person must initiate contact with a Counselor within 45 days of the date of the matter alleged to be discriminatory or, in the case of personnel action, within 45 days of the effected date of the action." 29 C.F.R. § 1614.105(a)(1). In certain limited circumstances,

> [t]he agency or the [EEOC] Commission shall extend the 45-day time limit . . . when the individual shows that he or she was not notified of the time limits and was not otherwise aware of them . . . that despite due diligence he or she was prevented by circumstances beyond his or her control from contacting the counselor within the time limits, or for other reasons considered sufficient by the agency or the Commission.

29 C.F.R. § 1614.105(a)(2). Otherwise, pursuant to 29 C.F.R. § 1614.107(a), "The agency shall dismiss an entire complaint" that 1) fails to comply with the 45-day time limit contained in § 1614.105, "unless the agency [equitably tolls] the time limits"; or 2) "raises a matter that has not been brought to the attention of a Counselor and is not like or related to a matter that has been brought to the attention of a Counselor[.]" 29 C.F.R. §§ 1614.107(a)(2), 1614.604(c).

Plaintiff's formal EEO complaint on October 2, 2020, alleged "ongoing" retaliation. Dkt. # 34-10, at 4. USPS justified the dismissal of plaintiff's retaliation claim on the ground that plaintiff never brought her retaliation claim to the attention of the EEO counselor before filing her formal complaint, as is required under 29 C.F.R. § 1614.107(a)(2). The Court's previous order, for limited discovery on the issue of whether plaintiff brought her retaliation claim to the attention of her EEO counselor during the counseling process and before plaintiff filed her formal EEO complaint (Dkt. # 18), was predicated on the alleged retaliation being "ongoing" at the time of the formal complaint. The retaliation complaint needed to be raised with an EEO counselor within 45 days of the date of the last retaliation incident. 29 C.F.R. § 1614.105(a)(1). If the retaliation was "ongoing" at the time of the formal complaint, then plaintiff need only have raised it to an EEO officer prior to filing the complaint.

Plaintiff provided pay stubs only through May 8, 2020, conceding that any alleged retaliation in the form of denial of overtime ceased by May 8, 2020, at the latest. Therefore, the retaliation was not "ongoing" at the time of the formal complaint on October 2, 2020. Whether the plaintiff raised the retaliation claim with an EEO counselor on August 13, 2020 may be disputed, but it is ultimately immaterial. Even if plaintiff raised the retaliation claim on that date, it was still well beyond the 45 day period required by 29 C.F.R. § 1614.105(a)(1). Therefore, whether the retaliation claim was brought to the EEO counselor's attention on August 13, 2020, prior to plaintiff's filing of the formal complaint, is immaterial, and defendant is entitled to judgment as a matter of law.

Plaintiff argues that the 45-day time limit should be equitably tolled. Dkt. # 48, at 7, 10. The Tenth Circuit has "generally recognized equitable tolling of Title VII time limitations only if the circumstances of the case rise to the level of active deception which might invoke the powers of

7

equity to toll the limitations period"; "[f]or instance, equitable tolling may be appropriate where a plaintiff has been lulled into inaction by her past employer, state or federal agencies, or the courts . . . [or] plaintiff is actively misled, or has in some extraordinary way been prevented from asserting his or her rights[.]" Biester v. Midwest Health Servs., Inc., 77 F.3d 1264, 1267 (10th Cir. 1996) (internal quotations and citations omitted). Here, the undisputed facts show that none of these circumstances exists. Plaintiff's workplace displayed posters informing employees that they must contact an EEO counselor with allegations of discrimination. Moreover, plaintiff correctly followed the administrative complaint procedure in the past. Finally, plaintiff makes no allegations that USPS actively misled, deceived, or otherwise lulled her into inaction.

Plaintiff suggests the issuance of a memorandum by the U.S. Equal Employment Opportunity Commission on April 6, 2020, (Dkt. # 48-2) acknowledges that it could be "difficult, if not impossible" to access EEO counselors in a timely manner during the COVID-19 pandemic. Dkt. # 48, at 7. Plaintiff also asserts that the "[m]emorandum indicated the [reporting requirements] should be equitably tolled during the COVID-19 pandemic." Id. Instead, the memorandum actually states that the EEOC "recognizes that, because of the [COVID-19 pandemic], applicants who utilize the EEO complaint process may face challenges that preclude them from meeting the regulatory timeframes set forth in 29 CFR Part 1614" (Dkt. 48-2, at 2). The memorandum then states that such timeframes "will be subject to the equitable tolling provisions set forth in 29 C.F.R. § 1614.604(c)" and that "[a]bsent mutual agreement, agencies and complainants will be required to document in the record the reason(s) why tolling any of the time limits . . . is necessary." Dkt. 48-2, at 2. The memorandum does not implement or order equitable tolling. It merely reminds agencies that

existing equitable tolling provisions should be applied when appropriate, and that they may be more appropriate than usual given the circumstances of the pandemic.

Here, plaintiff provides no explanation for why equitable tolling is warranted in this case. Instead, the undisputed facts confirm plaintiff had access to an EEO counselor and failed to raise the retaliation claim. Plaintiff made an initial EEO complaint about only sex-based discrimination on June 24, 2020, and an interview about the same was conducted on June 30, 2020. The difficulties discussed in the EEOC memorandum are not applicable in this case. Therefore, equitable tolling is not justified under these circumstances, and plaintiff's complaint was subject to the 45-day time limit, which she failed to meet. In sum, the Court finds that defendant's motion for summary judgment as to the retaliation claim should be granted.

Plaintiff seems to raise an alternative defense that the retaliation allegations are "reasonably related" to the discrimination about which she had filed an earlier charge with the EEOC, and therefore, her failure to raise the allegations may not bar federal court proceedings. Dkt # 48, at 10. Plaintiff relies on a Second Circuit decision that recognized situations in which "claims not raised in an EEO charge are 'sufficiently related to the allegations in the charge that it would be unfair . . . to bar such claims in civil action.'" Terry v. Ashcroft, 336 F.3d 128, 151 (2nd Cir. 2003) (quoting Butts v. City of New York Dep't of Hous. Pres. & Dev., 990 F.2d 1397, 1402–03 (2d Cir.1993) (superceded on other grounds)). These include complaints that "alleg[e] retaliation by an employer against an employee for filing an EEOC charge" or "allege[] further incidents of discrimination carried out in precisely the same manner alleged in the EEOC charge." Id.

Again, the facts do not conform to either of these situations. First, the retaliation claim is based on events that preceded plaintiff filing her initial charge with the EEOC in June 2020.

9

Therefore, the alleged retaliation could not have been in response to plaintiff's EEOC claim because the EEOC claim did not exist at the time of the alleged retaliation. One cannot be retaliated against for filing a charge that does not yet exist.

In addition, the retaliation claim does not allege incidents of discrimination "carried out in precisely the same manner alleged in the EEOC charge." Terry, 336 F.3d at 151. The initial EEOC charge alleged sex discrimination. The alleged retaliation events, restriction of overtime, were not carried out in any manner similar to the sex discrimination. In addition, plaintiff alleges the retaliation was for her participation in the USPS investigation into a coworker's EEO claims, not for plaintiff's own sex discrimination claims. Therefore, the retaliation claim is not at all related to the plaintiff's initial sex discrimination claim.

Finally, plaintiff asserts that Ms. Bagby's investigative report contains information necessary to fully defend against this summary judgment on futility grounds. Concurrently with the briefing period on this summary judgment motion, plaintiff moved to compel production of that report for the same reason but the motion was denied. Dkt. # 53. Magistrate Judge Susan E. Huntsman found that the report does not fall within the limited scope of discovery for this matter and that plaintiff failed to demonstrate any relevance of the report to this claim. Id. Therefore, this point is moot.

The undisputed facts establish that plaintiff's initial EEO complaint on June 24, 2020 alleged only sex-based discrimination and not retaliation. In addition, the undisputed facts establish that the last date of pay period 10, May 8, 2020, is the latest date for which plaintiff produced anything in support of the retaliation claim. Further, the undisputed facts establish that plaintiff's workplace displayed an EEO poster notifying employees that they must contact an EEO counselor within 45 days of the alleged discriminatory incident and that plaintiff had previously timely filed an EEO

complaint. Thus, the undisputed facts establish that even if plaintiff did raise the retaliation complaint with an EEO counselor on August, 13, 2020, it was not timely, and plaintiff did not show that 1) she was not notified or was otherwise not aware of the 45-day time limit; or 2) despite due diligence, plaintiff's failure to timely file was due to circumstances beyond her control. Therefore, the agency would have been required to dismiss plaintiff's complaint because she did not comply with the requirements of 29 C.F.R. § 1614.105(a).

**IT IS THEREFORE ORDERED** that defendant's renewed motion for summary judgment (Dkt. # 34) is **granted** as to plaintiff's retaliation claim for failing to timely exhaust administrative remedies. A separate judgment will be entered herewith.

**DATED** this 9th day of September, 2022.

CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE